UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON LEE MINYARD,

        Petitioner,         Case No. 1:08-cv-613

v.                                Honorable Robert J. Jonker

MARY BERGHUIS,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it fails to raise a cognizable federal claim.

**Factual Allegations**

Petitioner is incarcerated at the E.C. Brooks Correctional Facility. On December 12, 2005, Petitioner pleaded nolo contendere in the Muskegon County Circuit Court to one count of armed robbery, MICH. COMP. LAWS § 750.529; one count of carrying a concealed weapon (CCW), MICH. COMP. LAWS § 750.227; and one count of assaulting, resisting or obstructing an officer, MICH. COMP. LAWS § 750.81d(1). According to Petitioner, the preliminary examination transcript provided the factual basis for the plea. Petitioner provides the following summary of the relevant preliminary examination testimony:

> On May 22, 2005, Mr. Minyard and a friend had stolen a bottle of liquor from the shelf of a grocery store. Mr. Minyard and the friend had already left the store when the store's manager walked toward them and told them to come back, saying he needed to talk to them. Without saying anything, Mr. Minyard pulled a knife from his pocket and flicked it open. He and his friend then ran away. The store's manager was about 25 feet away, and was unafraid that Minyard could hurt him from that distance. He did not get closer in case Minyard decided to throw his knife.

(Pet. Br. in Supp., 2, docket #2.) Petitioner claims that he entered into a *Cobbs* agreement whereby maximum minimum sentence would not exceed thirteen years. On January 3, 2006, the trial court sentenced Petitioner as an habitual offender to prison terms of thirteen to fifty years for the armed robbery conviction, three to thirty years for the CCW conviction and three to fifteen years for the obstruction conviction. Petitioner filed a motion to withdraw his guilty plea, which was denied by the trial court.

Petitioner raised the following claim in his application for leave to appeal in the Michigan Court of Appeals:

> JASON MINYARD IS ENTITLED TO PLEA WITHDRAWAL BECAUSE EITHER THE SENTENCE AGREEMENT WAS AMBIGUOUS OR THE JUDGE CHANGED IT MID PLEA. IN THE ALTERNATIVE, MR. MINYARD IS ENTITLED TO RESENTENCING BECAUSE THE JUDGE PREDETERMINED

>   THE SENTENCE BEFORE MR. MINYARD COULD EXERCISE HIS RIGHT OF ALLOCUTION.

The Michigan Court of Appeals denied his application on February 16, 2007. Petitioner raised the same claim in the Michigan Supreme Court, which denied Petitioner's application for leave to appeal on June 26, 2007. Petitioner now raises the same claim in his application for habeas corpus relief.

## **Discussion**

Petitioner's claim concerns the alleged violation of a "*Cobbs* agreement."[1] During the plea hearing the following exchange took place between defense counsel and the court regarding the *Cobbs* agreement:

>   Counsel: [T]here was a *Cobbs* hearing held at defense counsel's request at which time the Court agreed the maximum minimum sentence would not exceed 13 years in the Michigan Department of Corrections.
>
>   The Court: That's Correct.

(Pet. Br. in Support, 2.) Later in the plea hearing, Petitioner contends that the trial court described the *Cobbs* agreement differently, as one that called for a "fixed" 13 year minimum, rather than a 13 year cap:

>   The Court: In addition, there has been a *Cobbs* hearing at Defense Counsel's request and in the presence of both attorneys where the Court has agree[d] that the minimum sentence of incarceration would be 13 years in prison.

(Pet. Br. in Support, 2.) Petitioner admits that he answered "Yes, your Honor," when the trial court asked him if that was his understanding of the plea agreement. Petitioner claims that he did not

---

[1] In *People v. Cobbs,* 505 N.W.2d 208, 212 (Mich. 1993), the Michigan Supreme Court authorized a particular type of plea agreement wherein a judge states the appropriate length of sentence, which is non-binding, but if the defendant subsequently pleads guilty, that defendant retains the absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

understand until after the plea hearing the Cobbs agreement as described by the trial court was different from what his attorney had described earlier in the proceedings. Petitioner claims that he was entitled to withdraw his guilty plea because the plea agreement was ambiguous or the trial court changed the terms of the agreement. Alternatively, Petitioner contends that he is entitled to resentencing because the trial already decided to impose the highest sentence permitted under the cap, thus rendering meaningless Petitioner's right of allocution.

A state defendant has no constitutionally guaranteed right to withdraw a guilty plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989). The only constitutional challenge that a habeas court may entertain with regard to a plea of guilty is that the plea was not entered in a knowing and voluntary fashion under the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969). A habeas court is restricted to these federal principles, and may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas. *Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991). Consequently, the question whether Petitioner should have been allowed in the trial court's discretion to withdraw his guilty plea under state-court rules is not reviewable in an application for habeas corpus.

A guilty plea is constitutionally valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970); *Boykin*, 395 U.S. at 242-44. The plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Voluntariness depends upon a full understanding of the direct consequences of the guilty plea. *Brady*, 397 U.S. at 755; *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).

Consideration of the totality of the circumstances reveals that Petitioner's plea was entered voluntarily and intelligently. It is undisputed that the *Cobbs* agreement provided for a

- 4 -

maximum minimum sentence of thirteen years. The trial court sentenced Petitioner to a minimum term of thirteen years, which was within the thirteen-year cap provided in the plea agreement. Consequently, Petitioner cannot successfully argue that the trial court violated the *Cobbs* agreement. Moreover, to the extent Petitioner asserts that he was denied his right of allocution, the Sixth Circuit has noted that "[t]here is no constitutional right to allocution under the United States Constitution." *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also Cooey v. Coyle*, 289 F.3d 882, 912 (6th Cir. 2002).

Petitioner also contends that a plea withdrawal is in the interest of justice because there is insufficient evidence to establish guilt on the charge of armed robbery. Any claim by Petitioner regarding the sufficiency of the evidence was waived by his guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, Petitioner is not entitled to habeas corpus relief.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it fails to raise a cognizable federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  September 8, 2008   /s/ Hugh W. Brenneman, Jr.
　　　　　　　　　　　　　　　　　　　　HUGH W. BRENNEMAN, JR.
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).