UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON LEE MINYARD,

    Plaintiff,

                                                      CASE NO. 1:08-CV-613

v.

                                                      HON. ROBERT J. JONKER

MARY BERGHUIS,

    Defendant.

_____/

## ORDER AND JUDGMENT APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket #8) filed on September 8, 2008. Petitioner filed his Objection to the Report and Recommendation (docket #9) on September 19, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's Objection. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct. The Report and Recommendation recommends that Petitioner's habeas corpus petition be summarily dismissed for failure to raise a meritorious federal claim. Petitioner makes one objection, which simply restates the arguments advanced in his original habeas petition. Specifically, Petitioner argues that his plea agreement was not knowing and voluntary because the trial court imposed a sentence greater than the sentence contemplated in the plea agreement between Petitioner and the State of Michigan. Petitioner's argument is without merit.

**I. Petitioner's Plea was Knowing and Voluntary**

Petitioner concedes that he engaged in a plea colloquy with the trial court and that he answered in the affirmative when the trial court asked him if he understood the plea agreement. Petitioner does not dispute that the plea agreement allowed for a minimum sentence of thirteen years. As Petitioner states in his Affidavit, "I believed the sentence agreement to be as my trial lawyer stated it at the plea proceeding; I would receive a minimum sentence that *at most* would be thirteen years." (Brief in Support of Petition for Writ of Habeas Corpus, docket #2, Exhibit 1, Affidavit of Jason Lee Minyard.) (Emphasis in original.) Petitioner was sentenced to thirteen to fifty years on one count, three to thirty years on another count, and three to fifteen years on a third count.

For a plea to be knowing and voluntary, the trial court must ensure that the defendant is "aware of the direct consequences of the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). Petitioner concedes that under his understanding of the plea agreement, he could receive a sentence with a minimum term of thirteen years. Petitioner does not dispute that the sentence he actually

received carries a thirteen year minimum. This sentence is entirely consistent with Petitioner's understanding of the maximum sentence allowed under the plea agreement and the trial court's recitation of that agreement at the plea hearing. Consequently, Petitioner cannot now argue that the plea agreement was anything other than knowing and voluntary. *Cf. Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d at 153.

### II. Certificate of Appealability

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner has not made the required "substantial showing" in this case. Petitioner's own admissions indicate that he fully understood the consequences of the plea arrangement. Reasonable jurists could not debate the outcome of Petitioner's claim, and therefore Petitioner should not be allowed to proceed further. *See id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed on September 8, 2008, is approved and adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus is summarily **DISMISSED** for failure to raise a meritorious federal claim; and

2. A certificate of appealability is **DENIED**.


Dated:     February 20, 2009              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE